**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALVA TAYLOR BROWN, as personal
representative of the Estate of
Luther L. Taylor, Jr.,
<u>Plaintiff-Appellee,</u>

v.

E. BART DANIEL; DALE L.
DUTREMBLE; JOHN M. BARTON,

<u>Defendants-Appellants,</u>

and

MICHAEL A. CLEMENS; RONALD L.
COBB,
<u>Defendants,</u>

UNITED STATES OF AMERICA,
<u>Movant.</u>

No. 99-1678

ALVA TAYLOR BROWN, as personal
representative of the Estate of
Luther L. Taylor, Jr.,
Plaintiff-Appellee,

v.

MICHAEL A. CLEMENS,
Defendant-Appellant,

No. 99-1679

and

E. BART DANIEL; DALE L.
DUTREMBLE; JOHN M. BARTON,
RONALD L. COBB,
Defendants,

UNITED STATES OF AMERICA,
Movant.

ALVA TAYLOR BROWN, as personal
representative of the Estate of
Luther L. Taylor, Jr.,
Plaintiff-Appellee,

v.

RONALD L. COBB,
Defendant-Appellant,

No. 99-1680

and

E. BART DANIEL; DALE L.
DUTREMBLE; JOHN M. BARTON,
MICHAEL A. CLEMENS,
Defendants,

UNITED STATES OF AMERICA,
Movant.

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Charles H. Haden II, Chief District Judge,
sitting by designation.
(CA-98-265-3-11)

Argued: January 27, 2000

Decided: September 29, 2000

Before NIEMEYER, Circuit Judge, HAMILTON,
Senior Circuit Judge, and Frederic N. SMALKIN,
United States District Judge for the District of Maryland,
sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sandra Jane Senn, SANDRA J. SENN, P.A., Charleston,
South Carolina; James Mixon Griffin, SIMMONS, GRIFFIN &
LYDON, L.L.P., Columbia, South Carolina, for Appellants. Arthur K.
Aiken, COLLINS & LACY, P.C., Columbia, South Carolina, for
Appellee. **ON BRIEF:** Stephanie P. McDonald, SANDRA J. SENN,
P.A., Charleston, South Carolina; Kate Schmutz, Charleston, South
Carolina, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This civil action stems from "Operation Lost Trust," a criminal investigation into political corruption in the South Carolina State-house in the early 1990s. Luther Taylor -- among others -- was investigated and prosecuted for various criminal offenses.**1**

On January 30, 1998, the estate of Luther Taylor **2** filed this action under the authority of <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), for alleged constitutional violations that occurred against Mr. Taylor in connection with the Operation. Defendants are current and former United States Attorney Bart Daniel and Assistant United States Attorneys Dale DuTremble and John Barton ("the prosecutors"), FBI Special Agent Michael Clemens, and private citizen/FBI informant Ronald Cobb. Taylor's estate asserts two constitutional violations: (1) a Fifth Amendment malicious prosecution claim against all defendants; and (2) a Sixth Amendment "right to a fair trial" claim against the prosecutors and Agent Clemens for alleged failure to turn over exculpatory <u>Brady</u>**3** material.

Defendants asserted absolute and qualified immunity defenses, and moved the district court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the case on account of these defenses. On March 12, 1999, the district court denied, without prejudice, defendants' motions to dismiss and stayed the case, placing it on the inactive docket pending resolution of criminal prosecutions of other Operation Lost Trust defendants. Some of these defendants have been convicted and have appealed their convictions to this Court. For example, Mr.

_____

**1** A more detailed account of the underlying criminal case, which involved many defendants, investigations, and prosecutions over a period of years, is found in <u>United States v. Derrick</u> , 163 F.3d 799 (4th Cir. 1998), <u>cert. denied</u>, 119 S. Ct. 1808 (1999). Mr. Taylor was convicted, but his conviction was overturned on appeal because of defective jury instructions. <u>See id</u>. at 803.
**2** Mr. Taylor passed away on March 23, 1997.
**3** **Brady v. Maryland**, 373 U.S. 83 (1963).

4

Blanding was, on retrial, convicted in August, 1999, and sentenced in December, 1999, on two counts of attempted extortion, and his appeal is now pending in this Court. See 1999 WL 28149602 (Dec. 14, 1999). On April 30, 1999, the district court denied the prosecutors' motion to reconsider. All defendants filed a timely appeal. For the reasons set forth below, we shall reverse the district court's order, and remand the case with instructions.

I. Appealability of District Court's Order

As an initial matter, we must determine our jurisdiction to consider this appeal. It is a well-settled principle that denial of an immunity claim is an appealable interlocutory decision. See Nixon v. Fitzgerald, 457 U.S. 731 (1982) (absolute immunity), and Mitchell v. Forsyth, 472 U.S. 511 (1985) (qualified immunity). The rub in this case is that the district court did not deny immunity outright, but denied defendants' motions to dismiss on immunity grounds "without prejudice," and stayed the case. Thus, the district court did not finally deny defendants' immunity claims, but postponed its decision for what was then -- and remains -- an indefinite period of time.

We believe that the ongoing specter of litigation in this high-profile case places a sufficient burden on government officials to justify appellate review of this order of the district court prior to final judgment. See Mitchell, 472 U.S. 511. Indeed, quick resolution -- and hence appealability -- of orders denying immunity is encouraged, because the defense is intended to protect government officials against being enmeshed in lengthy litigation that might be terminated upon adjudication of the immunity issues. In this case, under the order in question, defendants must live with this litigation hanging over their heads almost indefinitely, until some future time when various criminal prosecutions finally will have been concluded, which could take years. Accordingly, under the unique circumstances of this case, we conclude that the district court's order denying defendants' motions to dismiss on immunity grounds is appealable, even though it was entered "without prejudice."

II. Immunity Issues

Given that counsel have briefed the immunity issues on the merits, and that these issues are plain, involve pure legal questions, and are

5

governed by well-settled law, we shall address the merits of the immunity defenses raised against Taylor's federal claims of malicious prosecution and failure to turn over exculpatory Brady material.

A. Immunity in General

The right to absolute or qualified immunity, which protects government officials from liability for money damages, is determined by examining "the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 229 (1988). To determine the proper scope of immunity for the federal officials in this Bivens action, we shall refer to case law regarding immunity of state officials from suit under 42 U.S.C. § 1983, because the analysis is the same. See Wilson v. Layne , 626 U.S. 603 (1999) (noting that "qualified immunity analysis is identical under either [§ 1983 or Bivens] cause of action").

B. Absolute Immunity

Prosecutors are entitled to absolute immunity from civil liability for alleged conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Therefore, to the extent Taylor's estate alleges that the prosecutors engaged in misconduct during the prosecution of this case (e.g., that the prosecutors knowingly used perjured testimony and otherwise maliciously prosecuted Taylor), the prosecutors are absolutely immune. Moreover, the prosecutors are entitled to absolute immunity from civil liability for the allegation that they withheld exculpatory Brady material. See Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994) (holding prosecutor entitled to absolute immunity for "allegation that he withheld materially exculpatory evidence"), cert. denied, 513 U.S. 1150 (1995).

Appellant argues that Agent Clemens also is entitled to absolute immunity on the claim that he withheld exculpatory Brady material from the prosecutors. The Court disagrees. This court, sitting en banc, has held that, although an FBI agent's failure to turn over exculpatory material directly to the defense is covered by absolute immunity,[4] an

_____

[4] Thus, to the extent that Taylor's estate claims Brady violations based on an assertion that Agent Clemens failed to turn over material directly to the defense, Agent Clemens is entitled to absolute immunity.

6

FBI Agent's failure to turn such material over to prosecutors is covered only by qualified immunity. Jean v. Collins , 155 F.3d 701 (4th Cir. 1998) (en banc), vacated on other grounds, 119 S. Ct. 2016 (1999). Thus, Agent Clemens is not entitled to absolute immunity on the claim that he withheld exculpatory material from the prosecutors.

When acting in an investigative role, no government official, including prosecutors, is entitled to absolute immunity. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991). Here, Taylor's estate alleges that the prosecutors and Agent Clemens did perform investigative functions; for example, that they planned and conducted "an unlawful and unfair undercover operation or `sting operation' in knowing violation of the constitutional rights of their targets. . . ." J.A. p. 16, ¶ 32. Although absolute immunity does not extend to allegations that the prosecutors and Agent Clemens acted improperly in their investigative roles, they may be entitled to qualified immunity for these actions. See, e.g., Burns, 500 U.S. at 486-87.

C. Qualified Immunity

The standard for determining whether governmental officials are entitled to qualified immunity is an objective one: whether the challenged action violated a federal statutory or constitutional right that was clearly established at the time it was taken, of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because Taylor had no clearly established right to be free from "malicious prosecution" when the alleged misconduct occurred, the prosecutors and Agent Clemens are entitled to qualified immunity on the malicious prosecution claim. See Albright v. Oliver, 510 U.S. 266, 275 (1994); Osborne v. Rose, No. 97-1259, 1998 WL 17044 (4th Cir. Jan. 20, 1998) (unpublished). Indeed, plaintiff-appellee's attorney conceded at oral argument that, after careful review of the case law, he was abandoning the argument on page ten of his brief, arguing that the right to be free from malicious prosecution was a clearly established federal constitutional right at the time of the alleged misconduct. Thus, the prosecutors and Agent Clemens are entitled to qualified immunity on the malicious prosecution claim.[5]

_____

[5] To the extent that the allegation that Agent Clemens perjured himself in connection with Taylor's trial is not subsumed in the malicious prose-

7

There remains the Sixth Amendment "right to a fair trial" claim that Agent Clemens did not turn over material, exculpatory evidence to the prosecution. This right was clearly established in this Circuit at the time of the alleged misconduct in this case. See Goodwin v. Metts, 885 F.2d 157 (4th Cir. 1989), cert. denied, 494 U.S. 1081 (1990), overruled in part by Albright v. Oliver , 510 U.S. 266 (1994). Consequently, Agent Clemens is not entitled to qualified immunity on this claim. Unlike Taylor's estate's malicious prosecution claim, this claim is not affected by Albright, as Appellant candidly concedes. See Appellant Reply Br. at 3 (quoting Taylor v. Waters, 81 F.3d 429, 436 n.5 (4th Cir. 1996) for the proposition that "to the extent that Goodwin ruled that the officer's failure to disclose the exculpatory information deprived the § 1983 plaintiffs of their right to a fair trial, its holding is not affected by Albright.").

Although Agent Clemens is not entitled to absolute or qualified immunity on the allegations that he failed to turn over exculpatory Brady material to the prosecution, this claim must fail because a panel of this Court has already concluded that no such constitutional violations occurred in the prosecution of Taylor and others, as a matter of law. See United States v. Derrick, 163 F.3d 799 (4th Cir. 1998) (reversing district court's order dismissing superseding indictments against Taylor and others, and pointing out error in each of the district court's findings of a Brady violation).**6** See DiMeglio v. Haines,45 F.3d 790, 799 (4th Cir. 1995) (noting that court may dispose of case on ground that no constitutional violation occurred without addressing qualified immunity issue). In light of the fact that Taylor's estate's allegation that Agent Clemens withheld material, exculpatory Brady evidence from the prosecutors is without doubt based solely on the findings of Judge Hawkins' Order, see Appellee's Brief at 9, and that such findings were rejected by this Court in Derrick, this claim against Agent Clemens must be dismissed.

_____

cution claim, Clemens is entitled to absolute immunity. See Briscoe v. Lahue, 460 U.S. 325 (1983) (holding law enforcement officers accused of perjury at criminal trial absolutely immune from damages liability). **6** Taylor was an original defendant-appellee in the Derrick appeal; after he passed away, his estate participated in the appeal as amicus curiae. Derrick, 163 F.3d at 803 n.1.

Furthermore, in light of the recent opinion of Chief Judge Wilkinson concurring in the judgment of affirmance following remand in Jean v. Collins, ___ F.3d ___ (4th Cir. 2000) (en banc), the fact that Mr. Taylor's conviction was not vacated on Brady grounds militates against a finding that the first prong of Wilson v. Layne, 526 U.S. 603, 609 (1999) -- a constitutionally significant deprivation -- has occurred in this case. When the first prong is not satisfied, the result is that qualified immunity is, essentially, established.

D. FBI Informant Cobb

Taylor's estate claims that informant Cobb presented perjured testimony and conspired unlawfully to "sting" and convict Taylor. With respect to Cobb's testimonial acts, he is entitled to absolute witness immunity as a matter of law, as Taylor's estate concedes on page nine of its appellate brief. See Burke v. Miller, 580 F.2d 108, 109 (4th Cir. 1978) (noting that witness who takes stand at instance of prosecution is absolutely immune from liability for section 1983 damages), cert. denied, 440 U.S. 930 (1979).

With respect to informant Cobb's alleged non-testimonial wrongful acts, however, he is not entitled to qualified immunity, because there is in this realm, a paradox. Although a private actor, like Cobb, may be deemed a government actor if he sufficiently engaged in federal action, and thus be exposed to a Bivens suit, he is not entitled to qualified immunity, as a matter of law. See Wyatt v. Cole, 504 U.S. 158, 159 (1992) (holding section 1983 private defendants not entitled to qualified immunity); Hammons v. Norfolk Southern Corp., 156 F.3d 701 (6th Cir. 1998) (holding that private actor found liable under Bivens not entitled to qualified immunity). This paradox arises because the reasons for granting qualified immunity to government officials do not apply to private parties who have no official acts to perform. See Wyatt, 504 U.S. at 168. Thus, although Cobb may be a proper defendant in this Bivens action, he is not entitled to qualified immunity.[7]

_____

[7] Cobb may be entitled to assert other defenses, however. See Wyatt, 504 U.S. at 169 ("[w]e do not foreclose the possibility that private defendants . . . could be entitled to an affirmative defense based on good faith and/or probable cause or that § 1983 suits against private, rather than governmental, parties could require plaintiffs to carry additional burdens.").

III. Conclusion

In summary, we conclude that we have jurisdiction to decide this appeal, and we reverse the district court's March 12, 1999 order that denied, without prejudice, the defendants' Rule 12(b)(6) motions to dismiss. We remand this case with the following instructions.

The district court is to dismiss all claims, with prejudice, against prosecutors Daniel, DuTremble and Barton, on absolute and qualified immunity grounds.

The district court is to dismiss the malicious prosecution claim, with prejudice, against Agent Clemens, on qualified immunity grounds. The district court is also to dismiss the Brady violation claim, with prejudice, against Agent Clemens, on the grounds that (1) Clemens is entitled to absolute immunity for any allegation that he withheld material, exculpatory evidence from the defense; and (2) Clemens is entitled to qualified immunity on the claim that he withheld material, exculpatory evidence from the prosecutors.

The district court is also to dismiss, with prejudice, the claim against informant Cobb with respect to his testimonial acts, but is to withhold qualified immunity on any non-testimonial misconduct.

REVERSED AND REMANDED

10